

2 Westchester Park Drive
Suite 410
White Plains, NY 10604
Tel 914-331-0100
Fax 914-331-0105
www.denleacarton.com

June 1, 2017

**Via ECF**
The Honorable Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Diaz v. Lobel's of New York, LLC*
           <u>Case No. 16-CV-6349</u>

Dear Judge Gold:

    We are counsel for Defendant Lobel's of New York, LLC in this matter. Please accept this letter as Defendant's report on the status of this matter.

    To begin with, we never informed Plaintiff's counsel that we intended to submit a separate letter to the Court. In fact, we provided Plaintiff's counsel with a statement of our position (recited below) for it to be included in a joint letter, but Plaintiff elected on his own to file a separate letter, hence requiring us to submit this separate letter.

    Defendant has agreed to revise its website to comply with the precise accessibility standards that Plaintiff has demanded (the WCAG 2.0 A and AA standards). We have also asked Plaintiff's counsel to provide us with some basic information related to attorneys' fees (the customary information that would be included in any fee application, namely a statement of the hours counsel has invested in the case, a description of the work performed by the attorneys, and their billing rates) which is needed to intelligently discuss a negotiated resolution of the claim for statutory attorneys' fees.

    Plaintiffs' counsel previously provided us with a written draft settlement agreement which contains two aspects of an *individual* settlement between Plaintiff and Defendant: (i) revision of the website and (ii) payment of attorneys' fees. As to the revisions to its website, Defendant has agreed to exactly match the substantive injunctive relief Plaintiff has demanded, and Defendant remains willing to discuss the issue of attorneys' fees. But Plaintiff has refused to provide us with even the most basic information from which the fee can be determined, much less negotiated, and which Plaintiff would be required to submit to the Court in connection with a statutory fee application. Plaintiff's stated reason for not providing the fee information is that because this case was filed a class action, something other than the injunctive relief needs to be included in a settlement, now claiming that the claims under the New York State Human Rights Law entitle Plaintiff (and presumably the putative class) to damages under that statute. This has the effect of ending the prospect

of an individual settlement as Plaintiff desired, because a compromise of the absent class members' damages claims would require class certification and notice to the class, and again is contrary to that which Plaintiff initially proposed as a settlement.

At the March 16, 2017 conference, the Court directed that Defendant consider what the parameters and costs of revising its website would be for purposes of injunctive relief, and then the parties could discuss attorneys' fees. The first aspect of the Court's directive has been accomplished, and Defendant remains willing to further discuss the issue of attorneys' fees, but cannot do so in a vacuum without some indication of what the fees are. Plaintiff's counsel, perhaps not content with a fee award that is actually reflective of their actual time expended in the case, have instead shut down the negotiations and claim to want to proceed with discovery. This not only makes no sense because Defendant has agreed to the precise substantive injunctive relief Plaintiff proposed, but it raises the specter of a serious conflict of interest in that Plaintiff's counsel apparently wants to open discovery not because it advances the interests of his client (who has obtained the precise injunctive relief sought), but rather to increase attorneys' fees.

Defendant respectfully requests that the Court direct Plaintiff's counsel to provide information related to the fees claimed in this case, and hold this case in abeyance for a few more weeks so we can continue to attempt to negotiate a settlement of this case.

Thank you for your consideration of this matter.

Very Truly Yours,

*/s/ Peter N. Freiberg*
James R. Denlea
Peter N. Freiberg

PNF/db
cc: CK Lee