Peter N. Freiberg (PF-1561)
James R. Denlea (JD-4610)
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Telephone: (914) 331-0100
Facsimile: (914) 331-0105
pfreiberg@denleacarton.com
jdenlea@denleacarton.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CRISTHIAN DIAZ, on behalf of himself and all others similarly situated,

    Plaintiff,

-against-

LOBEL'S OF NEW YORK, LLC,

    Defendant.

---

Case No.: 1:16-cv-06349-NGG-SMG

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

**SERVED ON JANUARY 26, 2018**

Defendant, Lobel's of New York, LLC ("Lobel's") respectfully files this Reply Memorandum in further support of its Motion to Dismiss and/or for Summary Judgment.

Plaintiff's assertion that Lobel's "seeks to impose more isolation, exclusion and frustration to the lives of blind individuals, who already lead a challenged and compromised existence" (Opposition Memorandum, page 1) is as insulting as it is untrue. Lobel's has gone to great lengths to re-code its website to make it conform with the applicable standards, and for Plaintiff's counsel to continue the drumbeat that Lobel's has intentionally discriminated against blind persons, knowing that Lobel's has worked the last six (6) months to remove all access barriers, is contemptible.

Plaintiff's counsel is as equally reckless about the timeline of Lobel's work on its website, as they are about their own client's allegations. This case involves allegations that Plaintiff but could not add any dry-aged boneless rib steak or smoked bacon to his cart on Lobel's website in September 2016. Complaint, Docket Entry No. 1, ¶ 17. But in the opposing papers, counsel states "…Defendant claims that Defendant began the process of upgrading the website in the spring of 2017, *which is after Plaintiff attempted to reserve a room in November 2016.*" (Opposition Memorandum, page 2, emphasis added). This case obviously has nothing to do with Plaintiff reserving a room, and counsel apparently has confused their serial ADA plaintiff in this case with another of their serial ADA litigants, Derrick Anderson, who sued a hotel claiming that its website was inaccessible.[1]

---

[1] In *Derrick Anderson v. Sela Group Hotel LLC*, No. 17-cv-02133 (CBA)(ST) (E.D.N.Y.), Lee Litigation Group claimed that Mr. Anderson (a resident of Queens) could not make a reservation for a room at a hotel also located in Queen's due to the hotel's alleged website access barriers. Lee Litigation Group voluntarily dismissed the action after Judge Amon directed "the parties to engage in limited discovery on the issue of whether defendant's provision of a phone number on its website is accessible to screen reading technology or is otherwise available to visually impaired individuals. Defendant may also inquire as to plaintiff's attempts to book a hotel stay at

Counsel's lack of understanding regarding the timing of Lobel's upgrade of the website is apparent in Plaintiff's opposition memorandum. Lobel's motion is based upon the fact that its efforts since the Spring of 2017 have brought its website into conformity with the Web Content Accessibility Guidelines 2.0 Level AA. The opposition memorandum confounds and conflates the progress Lobel's made since then, and ignores that currently the website is in conformity. The thrust of Lobel's motion that its website is *now* in conformity, thereby rendering the ADA claims moot. For Plaintiff to focus on the historical claims regarding the website in September and November 2017 is misleading. See, e.g., *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 220 F. Supp. 2d 289. 296, n.9 (in which the court considered the content of websites at the time a motion was filed and on the date of its Order).

Plaintiff's counsel complains that website is not accessible to blind persons "after nearly a year." (Opposition Memorandum, page 6). However, the website is in conformity with the applicable guidelines, as address below, and in fact Lobel's has proceeded expediently bringing the website into conformity. Bringing its website into conformity between the Spring of 2017 and December 2017 is considerably faster than what Plaintiff's counsel agreed to similar cases. In *Andrews v. Blick Arts Materials, LLC*, No 17-CV-767, 2017 U.S. Dist. LEXIS 121007 (E.D.N.Y. July 31, 2017), Lee Litigation Group represented a plaintiff bringing precisely the same claims as are asserted in this case, and by Order filed on December 21, 2017, Judge Weinstein approved the settlement that required the defendant to adjust its website's code so that visually impaired individuals could more readily access it. The settlement - endorsed by Lee Litigation Group - required that defendant bring its website into substantial conformance with the Web Content Accessibility Guideline 2.0 Level AA by December 31, 2019, (two (2) years)

---

defendant's hotel." (Minute Entry dated November 9, 2017).

3

"implementing changes to the website in a piecemeal fashion, as practicable." *Andrews v. Blick Art Materials, LLC*, No. 17-CV-767, 2017 U.S. Dist. LEXIS 211049, *6-7 (E.D.N.Y. December 21, 2017). The two-year period was based in part on Plaintiff's counsel representation to Judge Weinstein that a two year timeline was the "general market standard." *Id.*, at * 36. Counsel agreed to a two-year time frame for Blick Art to implement the changes, acknowledging that two (2) years was standard. Accordingly, Plaintiff should not be heard to complain here, because Lobel's accomplished the process in less than half that time frame.

As shown in the initial Declaration of Rebecca Andrysiak, and her reply Declaration, the website has undergone a substantial re-coding that makes it conform with the Web Content Accessibility Guidelines 2.0 Level AA. In opposing the instant motion, the most that Plaintiff can say about the current state of Lobel's website is that there are 10 "errors." See, January 19, 2018 Declaration of Michael McCaffrey. However, the Court should decline to consider the Declaration and the opinions of Mr. McCaffrey because he fails to disclose any information about the process or methodology used to conduct the "audit" of the website, and is therefore unreliable.

In assessing reliability, "the district court should consider the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony is the product of reliable principles and methods; and (3) that the witness has applied the principles and methods reliably to the facts of the case." *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). "Logically, in order for the Court to evaluate the reliability of the data and methodology and the grounding of the expert's opinion therein, the data and methodology must be disclosed." *Jaques v. Flores (In re Estate of Jaquez)*, No. 10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 34521, *41-42 (S.D.N.Y. Mar. 17, 2016). Here, Mr. McCaffrey

4

states in his Declaration that he conducted "full website compliance audit[s]" of the website, but does not disclose one iota of information regarding what the audits entailed, how they were performed, what the audits were designed to accomplish, what standards were used to conduct the audits, or whether the method by which he performed the audits is accepted within his field. Other than the conclusory statement that he performed audits, Mr. McCaffrey has not disclosed anything evidencing his methodology. The absence of evidence of his methodology renders his conclusions unchallengeable and therefore unreliable as a matter of law. See, *Jaques,* at *42 (granting motion *in limine* to exclude an expert's testimony where he failed to describe how his training supported his opinions, whether the undisclosed interpretative methods he used were accepted in the field, and what data he interpreted according to what methodology, stating, "[h]e therefore provides no basis by which the Court could conclude that his testimony is reliable and helpful to the factfinder in this case.").

Judge Engelmayer recently commented on the "reliability" of a similar report submitted by Mr. McCaffrey in another website accessibility case brought by Lee Litigation Group. In *Del-Orden v. Bonobos, Inc.*, 17 Civ. 2744 (PAE), 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. Dec. 20, 2017), the plaintiff submitted an unsworn "audit" of the defendant's website by ADASure, and then (after the defendant objected) submitted Mr. McCaffrey's declaration in which he stated that he was a member of the ADASure team retained by the plaintiff to audit the website. Although Judge Engelmayer's decision was on a motion to dismiss and he held that on the pleadings the governing standard is not compliance with *Daubert v Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), he found that the plaintiff had not established enough to support the admissibility of the submissions, stating: "As Bonobos [the defendant] rightly argues, Del-Orden [the plaintiff] has not yet established, at the level that would be

5

required to support admissibility of ADASure Audit, the expertise of ADASure or the reliability of the methods it used." *Id.*, *37. The same applies here: Plaintiff has not established anything by which the Court can conclude that Mr. McCaffrey's "audit" is reliable and worthy of credence.

If the Court does consider the audit, it can easily dismiss it as misleading. As noted in the Reply Affirmation of Rebecca Andrysiak dated January 26, 2018, eight (8) of the "errors" claimed do not discriminate between sighted users and blind users - they apply as much to a sighted person using a mouse to navigate the website as they do to a blind person using a keyboard and a screen reader to navigate the website. For example, the fact that a link is broken and a page does not show after a user clicks on the link applies to all users, not just those who are using screen readers. The majority of the claimed "errors" do not discriminate against any user of the website. And the remaining two (2) errors do not preclude access by a blind person to the website's various webpages.

In the *Blick Art* case, Judge Weinstein approved a settlement that required the defendant to bring its websites "into *substantial conformance* with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA." *Andrews*, 2017 U.S. Dist. LEXIS 211049, *6 (emphasis added). Lobel's website certainly conforms substantially with the guidelines and the Court can easily conclude that Lobel's voluntary remediation of the website has removed the access barriers about which Plaintiff complains.

Plaintiff attempts to create issues of fact regarding the accessibility of the website by his Declaration, in which he makes several conclusory statements that he is unable to, for example, access the submenu options under the "Shop" menu, unable to determine the price of USDA prime dry-aged boneless rib steak, unable to adjust the quantity of items, etc. These statements

6

are at odds with and directly contradicted by the most recent audit that Plaintiff's own "expert" performed of the website. Curiously, the audit report makes no mention of the issues that Plaintiff claims prevent him from accessing the website. If in fact there were such serious issues that prevented Plaintiff from determining prices, adjusting quantity of items, or to "Proceed to Checkout," presumably those would have been noted by the professionals that Plaintiff hired to try to bolster his claims. (Plaintiff's statement that a "third party" has determined that the website is inaccessible (Opposition Memorandum, page 11) should be clarified that it is Plaintiff's paid "expert" who contends that the website is not accessible.).

Finally, there is no reasonable expectation that the alleged access barriers will recur. To begin with, Lobel's has made structural changes to the code of its website, akin to architectural barriers that are removed when a defendant remedies ADA violations at a building. It has made structural changes to its website and the code that allows the website to operate. Despite Plaintiff's cynicism about Lobel's intentions, the fact remains that Lobel's has assured the Court that it will maintain its website in conformance with the applicable guidelines, and will ensure that additional content later added to its website will also be in conformance. Lobel's has absolutely no reason to impose access barriers given the structural changes it has made to its website: now that the website has been brought into compliance, why would Lobel's reverse course and undo the coding work it has done, particularly give the "cascade of litigation over the past several years…concerning access to the internet by visually impaired individuals"? *Andrews*, 2017 U.S. Dist. LEXIS 211049, *2. Simply stated, Lobel's has no intention of undoing, and no reason to undo, the re-coding of its website, and "it is untenable for Plaintiff to suggest that once the [changes] are completed that they could be undone." *Gomez v. BJ's Wholesale Club, Inc.*, Case No. 17-23584-CIV-ALTONAGA/Goodman, 2018 U.S. Dist. LEXIS

3088, *5 (S.D. Fla, Jan. 5, 2018).

  Lobel's has made a substantial, good faith effort to conform its website to the applicable standards, and has achieved those standards. It has no intention of undoing this (and there is no reason why it would undo this), and has put into place mechanisms that will ensure its continued conformance, including its at-least monthly scans of the website and its commitment to ensure that all new content added to the site is accessible. We respectfully request that the Court find the claims under the ADA to be moot, and to dismiss the state law claims.

Dated: White Plains, New York
    January 26, 2018

              Respectfully submitted,

              DENLEA & CARTON LLP

           By: _____
             Peter N. Freiberg (PF-1561)
             James R. Denlea (JD-4610)
             2 Westchester Park Drive, Suite 410
             White Plains, New York 10604
             Telephone: (914) 331-0100
             Facsimile: (914) 331-0105
             pfreiberg@denleacarton.com
             jdenlea@denleacarton.com
             *Attorneys for Defendant*
             *Lobel's of New York, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2018, the foregoing document was served upon the following by electronic mail transmission:

>Lee Litigation Group, PLLC
>C.K. Lee
>Jane Wang
>30 East 39th Street, Second Floor
>New York, NY 10016
>*Attorneys for Plaintiff*

*/s/ Peter Trebery*